STATE OF NORTH CAROLINA v. JAMES ALONZO POWELL

No. 114

(Filed 8 January 1980)

1. **Rape § 5; Homicide § 21.5— first degree murder —first degree rape —sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury in a prosecution for first degree murder and first degree rape where it tended to show that the victim's body was found strangled and stabbed, stretched out on a bed in her house with the feet propped on the bed's headboard and the head lolling back over the edge of the mattress; the victim's bed clothing was torn, her vagina was bruised, and semen was present; the bruises were inflicted within a half hour prior to death or within a few minutes after death; the bruises were caused by a blunt instrument such as a body part; the time of death was likely in the early morning of 15 April 1978; shortly after the probable time of death, defendant was seen with the victim's car; his fingerprints were found on the rear view mirror; a carving knife missing from the house was found in the car and it bore defendant's fingerprints; shortly after the probable time of death, defendant delivered the victim's television to his cousins; the victim's house was locked and windows were unbroken, giving rise to the supposition that the victim knew her assailant and let him in; defendant was known in the victim's neighborhood where he had been a visitor at the home of his father and stepmother; and defendant fled when he was first approached by authorities on this matter.

2. **Criminal Law § 106— motion to dismiss**

   The trial court is not required to determine that the evidence excludes every reasonable hypothesis of innocence prior to denying a defendant's motion to dismiss.

3. **Robbery § 4.7— robbery with a dangerous weapon—insufficiency of evidence**

   In a prosecution for rape, murder and robbery with a dangerous weapon where the evidence indicated that the victim was murdered during an act of

rape, evidence that defendant possessed the victim's television and automobile gave rise to the inference that defendant took them and therefore that he committed the crime of larceny, but there was no substantial evidence giving rise to the reasonable inference that defendant took the objects from the victim's presence by use of a dangerous weapon; therefore, the trial court should have granted defendant's motion to dismiss the charge of robbery with a dangerous weapon.

APPEAL from *McLelland, J.*, 7 May 1979 Criminal Session of CUMBERLAND Superior Court. Defendant was tried for first degree murder, first degree rape and robbery with a dangerous weapon. He entered pleas of not guilty to each and was found guilty by a jury of first degree murder in the perpetration of first degree rape, robbery with a dangerous weapon and first degree rape. The jury recommended a life sentence on the conviction of first degree murder in the perpetration of first degree rape and the trial court, merging the conviction of first degree rape with this conviction, entered judgment accordingly. Defendant was also sentenced to a minimum term of 20 years and a maximum term of 50 years, to run at the expiration of the life sentence, for the conviction of robbery with a dangerous weapon. Defendant appeals as a matter of right from the life sentence. We allowed the motion to bypass the Court of Appeals on appeal of the sentence for robbery with a dangerous weapon.

Evidence for the State tended to show that Martha Gilchrist Walker was a 69-year-old woman who lived alone in Fayetteville. She was last seen alive by her neighbors late in the afternoon of Friday, 14 April 1978, in the backyard of her home. Earlier that day she had parked her car in her carport after taking a neighbor to the grocery. At 6:30 a.m. on the following morning, one of her neighbors noticed that her car was missing. Another neighbor noticed the car was not at home at 9:30 a.m. and later that same afternoon, her brother-in-law observed the car was not parked in its usual place in the carport. The following Sunday morning, Mrs. Walker was not at church. That night, relatives reported Mrs. Walker missing. They went to her house and called for her, but received no response. They found the windows secured and the doors locked and so left.

The following morning, Monday, 17 April 1978, Mrs. Walker's car was found abandoned, locked and parked at a station in Fayetteville. Later that morning, officers broke into her home and

found her dead in her bedroom. She had been strangled and stabbed once in the neck. An autopsy revealed that she had bruising in her vaginal area which probably occurred between thirty minutes before to several minutes after death. Semen was present in her vagina and on a sheet taken from her bed. The autopsy revealed that Mrs. Walker died of strangulation and was stabbed after death. The pathologist's opinion was that death occurred sometime between one and three days prior to Monday, 17 April 1978.

A carving knife from a set and a small Sony television were missing from Mrs. Walker's house. A pocketknife was found in her bedroom and was later determined to be bloodstained. The house had not been ransacked, but was neat and clean.

SBI agents searched Mrs. Walker's car and found the carving knife missing from the victim's home. The knife had two fingerprints later determined to match those of defendant. The rear view mirror had four fingerprints which also matched those of defendant. Two Kool cigarettes, among others, were found in the car and gave reactions for group "O" blood type. Defendant smoked Kools and his blood type was "O" positive, as was the victim's. The victim, however, did not smoke.

Defendant was a Marine stationed at Camp LeJeune. On April 14, 15, 16 and 17, 1978, he had no duty assigned at Camp LeJeune. On Saturday, 15 April, defendant drove an automobile later identified as Mrs. Walker's between 9:00 a.m. and 9:30 a.m. to the home of his cousin Charles McNeill in Fayetteville. There, he gave his second cousin, Gary McNeill, a Sony television later identified as the television taken from the victim's house.

On Sunday, 16 April 1978, defendant was in Durham driving the automobile later identified as belonging to the victim. He took his sister and another person to a restaurant in the car. He was later seen that afternoon back in Fayetteville. On 18 April 1978, when officers at Camp LeJeune attempted to detain defendant for Fayetteville police, defendant fled from the base. He was later apprehended in Durham.

Testimony also established that defendant's father and stepmother had lived across the street from the victim from 1970 until 1976 and defendant had been seen there as late as 1976.

Defendant did not testify or present any evidence.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Joan H. Byers for the State.*

*Mary Ann Tally, Public Defender, and James R. Parish, Assistant Public Defender, for defendant.*

CARLTON, Justice.

The sole question on this appeal is whether the trial court erred in denying defendant's motion to dismiss at the close of the State's evidence. We think the trial court ruled properly and find no error in the trial court proceedings on the charges for first degree murder and first degree rape. However, we reverse the trial court's denial of the motion to dismiss with respect to the charge of robbery with a dangerous weapon.

In testing the sufficiency of the evidence to sustain a conviction, a motion for dismissal pursuant to G.S. 15A-1227 is identical to a motion for judgment as in the case of nonsuit under G.S. 15-173. Cases dealing with the sufficiency of evidence to withstand the latter motion are therefore applicable to motions made under G.S. 15A-1227. *See State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979).

Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied. *State v. Roseman,* 279 N.C. 573, 184 S.E. 2d 289 (1971); *State v. Mason,* 279 N.C. 435, 183 S.E. 2d 661 (1971).

If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed. *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967); *State v. Guffey,* 252 N.C. 60, 112 S.E. 2d 734 (1960). This is true even though the suspicion so aroused by the evidence is strong. *State v. Evans,* 279 N.C. 447, 183 S.E. 2d 540 (1971); *State v. Chavis,* 270 N.C. 306, 154 S.E. 2d 340 (1967).

The terms "more than a scintilla of evidence" and "substantial evidence" are in reality the same and simply mean that the evidence must be existing and real, not just seeming or imaginary. *See State v. Smith, supra. But see State v. Agnew*, 294 N.C. 382, 241 S.E. 2d 684 (Exum, J., dissenting), *cert. denied*, 439 U.S. 830, 99 S.Ct. 107, 58 L.Ed. 2d 124 (1978).

The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion. *State v. Thomas*, 296 N.C. 236, 250 S.E. 2d 204, (1978); *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975).

The trial court in considering such motions is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight. *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971); *State v. Primes*, 275 N.C. 61, 165 S.E. 2d 225 (1969). The trial court's function is to test whether a *reasonable inference* of the defendant's guilt of the crime charged may be drawn from the evidence. *State v. Thomas, supra; State v. Rowland*, 263 N.C. 353, 139 S.E. 2d 661 (1965).

The test of the sufficiency of the evidence to withstand the motion is the same whether the evidence is direct, circumstantial or both. *State v. Stephens, supra.* "When the motion . . . calls into question the sufficiency of circumstantial evidence, the question for the Court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty." *State v. Rowland, supra. See also State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977); *State v. Cutler, supra.* In passing on the motion, evidence favorable to the State is to be considered as a whole in order to determine its sufficiency. This is especially true when the evidence is circumstantial since one bit of such evidence will rarely point to a defendant's guilt. *State v. Thomas, supra. See also State v. Rowland, supra.*

[1]   We first apply the foregoing principles to the convictions for first degree murder and first degree rape. One is guilty of murder during the perpetration of rape if he kills another human being while committing or attempting to commit the crime of rape. G.S. 14-17. One is guilty of first degree rape if, being a male person over sixteen years of age, he has sexual intercourse with a female with force and against her will and her resistance was overcome by the use of a deadly weapon or by the infliction of serious bodily injury. G.S. 14-21.

The evidence for the State clearly established that Mrs. Walker's body was found strangled and stabbed, stretched out on a bed with the feet propped on the bed's headboard and the head lolling back over the edge of the mattress. Evidence also established that Mrs. Walker's bed clothing was torn and her vagina was bruised with semen present. Semen was also present on her bedclothes. The bruises to the vagina were inflicted within a half hour prior to death or within a few minutes after death. The bruises were caused by a blunt instrument such as the use of a body part. These facts are clearly sufficient as substantial evidence to support the reasonable inference that the victim was raped with force and against her will, and that her resistance was overcome by the infliction of serious bodily injury which resulted in her being murdered.

The State also introduced substantial evidence to give a reasonable inference that defendant was the perpetrator of the crime. The time of death was likely in the early morning of 15 April 1978. This is consistent with the autopsy report and the fact that a coffee pot Mrs. Walker normally used only in the morning was still on. Shortly after the probable time of death, defendant was seen with Mrs. Walker's car. His fingerprints were found on the rear view mirror. The carving knife missing from the house was found in the car, and also bore defendant's fingerprints. Also, shortly after the probable time of death, defendant delivered the victim's television to his cousins, the McNeills.

Victim's house was locked and windows were unbroken, giving rise to the supposition that Mrs. Walker knew her murderer and let him in. Defendant was known to Mrs. Walker's neighborhood where he had been a visitor to his father and stepmother.

Moreover, when first approached by authorities on this matter, defendant fled. While flight by the defendant does not create a presumption of guilt, it is some evidence which may be considered with other facts and circumstances in determining guilt. *State v. Irick, supra.*

[2] Defendant contends, however, that the guilt of an accused is not to be inferred merely from facts consistent with his guilt but that the facts must be inconsistent with his innocence. Defendant cites several cases which tend to support that position. *See e.g. State v. Langlois,* 258 N.C. 491, 128 S.E. 2d 803 (1963); *State v. Coffey,* 228 N.C. 119, 44 S.E. 2d 886 (1947); *State v. Harvey,* 228 N.C. 62, 44 S.E. 2d 472 (1947).

These and other cases did seem to support the proposition, for a period of time, that evidence offered by the State must be consistent with guilt and inconsistent with every reasonable hypothesis of innocence in order to withstand the motion. Such, however, is clearly not the present law in this jurisdiction. The trial court is *not* required to determine that the evidence excludes every reasonable hypothesis of innocence prior to denying a defendant's motion to dismiss. *State v. Burton,* 272 N.C. 687, 158 S.E. 2d 883 (1968). Justice Higgins stated the present view in *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431 (1956):

> To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury.

*Id.* at 383-84.

We therefore hold that the trial court properly denied defendant's motion to dismiss the charges of first degree murder and first degree rape.

[3] Our holding is otherwise, however, with respect to the motion to dismiss the charge of robbery with a dangerous weapon. To withstand that motion, the State was required to show sub-

stantial evidence of each of the essential elements of that crime. Under G.S. 14-87, an armed robbery is defined as the taking of the personal property of another in his presence or from his person without his consent by endangering or threatening his life with a firearm or other deadly weapon with the taker knowing that he is not entitled to the property and the taker intending to permanently deprive the owner of the property. *State v. May*, 292 N.C. 644, 235 S.E. 2d 178, *cert. denied*, 434 U.S. 928, 98 S.Ct. 414, 54 L.Ed. 2d 288 (1977). The gist of the offense is not the taking but the taking by force or putting in fear. *State v. Swaney*, 277 N.C. 602, 178 S.E. 2d 399, *appeal dismissed*, 402 U.S. 1006, 91 S.Ct. 2199, 29 L.Ed. 2d 428 (1971). The offense requires use of a dangerous weapon. It suffices to say that, while possession by defendant of the television and automobile belonging to Mrs. Walker gave the inference that defendant took them, and therefore committed the crime of *larceny*, there is no substantial evidence giving rise to the reasonable inference that the defendant took the objects from the victim's presence by use of a dangerous weapon, an essential element of robbery with a dangerous weapon. The arrangement of the victim's body and the physical evidence indicate she was murdered during an act of rape. We believe that even construing the evidence in a light most favorable to the State, it indicates only that defendant took the objects as an afterthought once the victim had died. While it is true that "presence" of a victim must be construed broadly, *State v. Clemmons*, 35 N.C. App. 192, 241 S.E. 2d 116 *disc. rev. denied*, 294 N.C. 737, 244 S.E. 2d 155 (1978), and while it is true that frequently armed robbery, rape and murder are committed in one continuous chain of events and constitute contiguous crimes, we do not believe the evidence here supports that view of the facts. Thus the trial court's denial of the motion to dismiss the charge for robbery with a dangerous weapon is incorrect.

We therefore hold that defendant's conviction and sentence for robbery with a dangerous weapon is

Reversed.

In the proceedings leading to defendant's conviction for first degree murder and first degree rape, we find

No error.