STATE OF NORTH CAROLINA v. ROBERT SPRINGER

No. 865SC383

(Filed 30 December 1986)

**1. Homicide § 21.3— proximate cause of death—evidence sufficient**

There was sufficient evidence in a homicide prosecution to support a finding that the blow allegedly struck by defendant proximately caused the victim's death where there was evidence tending to show that defendant struck the victim with an iron bar; that the victim fell immediately, was unconscious, and went into cardiac arrest; and that the victim's death was caused by a subarachnoid hemorrhage, which the State pathologist felt was caused by trauma, though other medical experts differed on the cause of the hemorrhage.

**2. Criminal Law § 89.6— impeachment of witness—prior false statement**

The trial court did not err in homicide prosecution by permitting the prosecutor to elicit testimony from a defense witness that he had obtained a warrant against defendant for assaulting him with a shotgun on the same day defendant assaulted the victim where the witness admitted that the statement to the magistrate was false. It was permissible for the prosecutor to impeach the witness by cross-examining him about a false statement under oath to the magistrate, and, considering the limiting instruction which was given, there was not a reasonable possibility that a different result would have been reached had the evidence not been omitted. N.C.G.S. § 8C-1, Rule 611(b) Rule 608(b), N.C.G.S. § 15A-1443(a).

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 5 December 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 8 December 1986.

Defendant was properly indicted for the murder of James Harold Jenkins and the State elected to proceed upon a charge of

second degree murder. At trial, the State's evidence tended to show that defendant struck Jenkins on the neck with an iron bar that was 40 inches long and weighed 13½ pounds. Jenkins fell to the ground, was rendered immediately unconscious, and was in "full cardiac arrest" when rescue personnel arrived. He was revived, but did not regain consciousness and died approximately three days later. The pathologist who performed an autopsy upon Jenkins' body testified that Jenkins died of a "diffuse subarachnoid hemorrhage of the brain" that, in his opinion, was a result of trauma and could have been caused by Jenkins' fall after being struck. On cross-examination, the doctor testified that he found no physical evidence of trauma to Jenkins' head and based his opinion upon the absence of a naturally occurring aneurism and upon the information related to him as to the manner in which Jenkins was injured.

Defendant presented evidence tending to show that he struck Jenkins in self-defense after Jenkins had pulled a knife. He also presented evidence from five medical doctors, four of whom had been involved in treating Jenkins at the hospital before his death. The fifth doctor had reviewed Jenkins' medical records. Each of these witnesses testified that he was unable to find evidence of trauma and could not reach the conclusion that Jenkins' hemorrhage resulted from the blow struck by defendant.

The jury returned a verdict of guilty of second degree murder. From judgment imposing a prison sentence of 35 years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Wilson Hayman, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

MARTIN, Judge.

[1] Defendant first contends that it was error for the court to deny his motion to dismiss made at the close of all the evidence. He argues that the evidence was legally insufficient to support a finding that the blow allegedly struck by defendant proximately caused Jenkins' death. We disagree.

The question presented by a motion to dismiss in a criminal case is whether there is substantial evidence of each element of the offense charged. *State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984). This standard is consistent with the federal standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 61 L.Ed. 2d 560, 99 S.Ct. 2781, *reh'g denied*, 444 U.S. 890, 62 L.Ed. 2d 126, 100 S.Ct. 195 (1979), and urged upon us in this case by defendant. *Id.* In ruling upon the motion, the trial judge must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference which may be drawn therefrom. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). Conflicts in the evidence merely create issues for the jury and do not warrant dismissal of the charges. *State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977).

In the present case it is true, as defendant argues, that the opinions of the several medical expert witnesses differed as to the cause of the subarachnoid hemorrhage from which Jenkins' death resulted. However, the evidence tending to show that defendant struck Jenkins with the iron bar, that Jenkins fell immediately and was rendered unconscious and went into cardiac arrest, together with the testimony of the State's pathologist that Jenkins' death was caused by the subarachnoid hemorrhage which in his opinion, was produced by trauma, is sufficiently substantial evidence on the issue of proximate cause to warrant submission of the case to the jury. *See State v. Luther*, 285 N.C. 570, 206 S.E. 2d 238 (1974).

[2] By his other assignment of error, defendant contends that the trial court erroneously permitted the prosecutor to elicit testimony from a defense witness, James Edward Stokes, that he had obtained a warrant against defendant for assaulting him with a shotgun on the same day defendant assaulted Jenkins. Defendant contends that the evidence tended to show that he has a violent disposition, negating his claim of self-defense. He argues that the prejudicial effect of the evidence so outweighs its probative value that it should have been excluded pursuant to G.S. 8C-1, Rule 403.

Stokes gave testimony for defendant tending to support defendant's claim of self-defense. On cross-examination, the prosecutor asked Stokes if he had, on the same date, made a sworn

statement to a magistrate in order to cause a warrant to issue against defendant for assault with a shotgun. Defendant's objection was overruled. Stokes admitted having made the statement to the magistrate, but denied that defendant had assaulted him. He claimed that he made the sworn statement to the magistrate because he was angry with defendant. The trial court limited the jury's consideration of the challenged testimony to the issue of Stokes' credibility.

G.S. 8C-1, Rule 611(b) permits cross-examination of a witness "on any matter relevant to any issue in the case, including credibility." Rule 608(b) permits cross-examination of a witness as to specific instances of his conduct, if probative of truthfulness or untruthfulness, for the purpose of attacking or supporting his credibility. A specific instance of false swearing is clearly probative of untruthfulness. Thus, it was permissible for the prosecutor to impeach and cast doubt upon Stokes' other testimony by cross-examining Stokes concerning his false statement under oath to the magistrate. See State v. Gallagher, 313 N.C. 132, 326 S.E. 2d 873 (1985).

Furthermore, we cannot agree with defendant's assertion that the prejudicial effect of this evidence outweighed its probative value. Stokes admitted that his claim as to defendant's violent conduct on the day in question was false. Especially considering that a limiting instruction was given by the court, we perceive no reasonable possibility that a different result might have been reached if the evidence had not been admitted. *See State v. Gallagher, supra*; G.S. 15A-1443(a).

No error.

Judges COZORT and ORR concur.