STATE v. CARRILLO

[115 N.C. App. 674 (1994)]

STATE OF NORTH CAROLINA v. MARTIN CISNEROS CARRILLO

No. 934SC885

(Filed 2 August 1994)

1. **Kidnapping § 16 (NCI4th)— restraint—sufficiency of evidence**

    Evidence of restraint was sufficient to require submission of a charge of first-degree kidnapping to the jury where it tended to show that defendant grabbed the victim's foot to keep him from escaping from a bedroom, and defendant tied the victim's hands and feet with electrical cord before assaulting him by plugging the cord with bare wires into an outlet.

    **Am Jur 2d, Abduction and Kidnapping § 32.**

2. **Kidnapping § 21 (NCI4th)— restraint or confinement— intent to terrorize—sufficiency of evidence**

    In a first-degree kidnapping case, the State met its burden of presenting substantial evidence that defendant restrained or confined the victim with the intent of terrorizing him where the evidence tended to show that defendant awakened the victim, pulled on his clothes and asked him questions, put a knife or razor under his throat, beat him, grabbed him by the ankle as he forced him into a bedroom, used his knife to peel an electrical cord before using it to bind the victim's hands and feet, plugged the stripped cord into an outlet five separate times, asked the victim repeatedly as to whether he had knifed a friend, once left the room with the victim plugged in, and poured beer over the victim's head while the exposed electrical cord binding the victim was plugged into an outlet.

    **Am Jur 2d, Abduction and Kidnapping § 32.**

Appeal by defendant from judgment entered 11 March 1993 by Judge Ernest Fullwood in Sampson County Superior Court. Heard in the Court of Appeals 13 April 1994.

Defendant Martin Cisneros Carrillo ("defendant") was convicted of both kidnapping and assault with a deadly weapon with intent to kill inflicting serious injury as a result of his attack upon Alberto Martinez ("the victim") on 6 October 1992. Defendant appeals his conviction for kidnapping on several grounds: 1) the trial court erred in

denying his motion to dismiss the charge of first degree kidnapping; and 2) the trial court erroneously instructed the jury on the charge of first degree kidnapping. Additional assignments of error enumerated by defendant were not addressed in defendant's brief and are deemed abandoned pursuant to Rule 28(b)(5) of the North Carolina Rules of Appellate Procedure.

*Attorney General Michael F. Easley, by Assistant Attorney General Sue Y. Little, for the State.*

*Nora Henry Hargrove for defendant-appellant.*

ORR, Judge.

Defendant and the victim, migrant laborers at the same labor camp, were housemates in a house in Sampson County, along with Juan "Shorty" Colon. On 6 October 1992, the three housemates were drinking at home. At one point, the victim fell asleep and awoke to find defendant pulling at his clothes and holding a knife or razor to his throat, asking him who had cut Shorty.

Defendant next attempted to take the victim into defendant's bedroom. The victim tried to resist by pulling on a mattress used to cover a window in the room. Defendant grabbed the victim's foot to prevent his escape. While the victim was on the floor in defendant's bedroom, defendant used his knife to peel an electrical cord's casing away to expose the bare wire. Defendant tied the victim's feet and hands with the exposed cord and then plugged the cord into an electrical outlet. According to the victim, "he [defendant] had the knife" and therefore the victim was too scared to attempt fleeing. During the course of the next few minutes, defendant plugged the cord in five times, leaving the cord plugged in for minutes at a time. Each time that the cord was plugged in the victim suffered convulsions, shook, and felt hot and burning. Defendant left the room once for a period of minutes while the victim was subjected to the electrical shock. The third time that defendant plugged in the cord he also doused the victim with beer. As defendant was repeatedly shocking the victim he continued questioning the victim, demanding to know who had cut Shorty. Eventually defendant disentangled the victim from the cord and told the victim to leave.

After leaving, the victim found someone to take him to the hospital, where emergency room physician Allan Danbeck examined the victim on the morning of 7 October 1992. Danbeck found large blis-

STATE v. CARRILLO

[115 N.C. App. 674 (1994)]

ters between the victim's fingers and on his right thumb, as well as blisters and redness on his forearms, lower legs, and feet. Danbeck described the electrical burns as "horrifying" and "extremely disfiguring and severe." Danbeck treated the victim, then had the victim transferred to the Chapel Hill Burn Center, where the victim underwent treatment for two months. The victim lost two fingers as a result of the electrical shock.

## I. Defendant's Motion to Dismiss Kidnapping Charges.

Defendant's first assignment of error contends that the trial court erred in its refusal to grant defendant's motion to dismiss the charge of first degree kidnapping. According to defendant, there was insufficient evidence to persuade a rational trier of fact of each element of first degree kidnapping beyond a reasonable doubt.

The elements of kidnapping are defined in N.C.G.S. § 14-39:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, . . ., shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

> (1) Holding such person for a ransom or as hostage or using such other person as a shield; or

> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

> (3) Doing *serious bodily harm to or terrorizing the person so confined*, restrained or removed or any other person.

> (4) Holding such other person in involuntary servitude in violation of G.S. 14-43.2.

N.C. Gen. Stat. § 14-39 (1993) (emphasis added). The State based its charge of kidnapping upon defendant's alleged confinement of the victim for the purpose of terrorizing him or for the purpose of doing serious bodily harm to him.

Our Supreme Court has explained how courts are to address motions to dismiss: "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C.

95, 98, 261 S.E.2d 114, 117 (1980) (citations omitted). The Court explained further that:

> The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion.

*Id.* at 99, 261 S.E.2d at 117.

## A. Restraint

[1] Defendant's first contention is that there was not substantial evidence of restraint of the victim to support the charge of kidnapping. Taking all of the facts presented in the light most favorable to the State, we disagree. The victim testified that defendant pulled him by the foot when he tried to resist being pulled into the bedroom, that he was afraid to try to leave again because defendant was using a knife to trim the electrical cord, and that he was bound by that electrical cord. Defendant himself stated that he tied up the victim in order to electrocute him. This is more than enough evidence from which to draw a reasonable inference that defendant restrained and confined the victim on that night.

Defendant also contends that the restraint essential to the kidnapping charge was an inherent and inevitable feature of the assault with a deadly weapon with intent to kill inflicting serious injury, and that therefore defendant could not be convicted of kidnapping in addition to assault. We note that there are certain felonies, such as forcible rape and armed robbery, which cannot be committed without some restraint of the victim. *State v. Prevette*, 317 N.C. 148, 157, 345 S.E.2d 159, 165 (1986); *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978). Assault with a deadly weapon with intent to kill inflicting serious injury is not within that class of felonies. Such an assault may be committed without ever necessitating the restraint or confining of the victim—for example the firing of a gun at a victim.

In this case, the restraining of the victim with the electrical cord was not the assault with a deadly weapon. Plugging the cord into the wall outlet was the assault with a deadly weapon, as it was the act by which the victim suffered his severe burns. In addition, even if tying up the victim with the electrical cord were the actual assault, there

was ample evidence of restraining the victim, described above, to support the restraint element of kidnapping.

Furthermore, it is also "well established that two or more criminal offenses may grow out of the same course of action, as where one offense is committed with the intent thereafter to commit the other and is actually followed by the commission of the other." *Fulcher* at 523, 243 S.E.2d at 351-52. The *Fulcher* Court used the example of breaking and entering with intent to commit larceny, followed by the actual larceny. *Id.* at 523-24, 243 S.E.2d at 352. These are two separate and distinct crimes arising out of the same course of action.

In this case, defendant clearly dragged the victim into the bedroom (against the victim's will) and kept the victim in the bedroom (through intimidation—showing the knife while peeling the cord—and through binding the victim's hands and feet with the cord) and only then proceeded to assault the victim by *plugging the cord into the wall outlet.* Plugging the cord into the outlet was not necessary to the restraint of the victim, and it was the proximate cause of the burn injuries to the victim. The electrical burning was the assault. Therefore, we find that the restraint element necessary for the charge of kidnapping is separate and distinct from the elements necessary to the charge of assault with a deadly weapon with intent to kill inflicting serious injury.

## B. Terrorizing the victim

[2] Defendant also contends that the State did not meet its burden of presenting substantial evidence that defendant restrained or confined the victim with the intent of terrorizing him. In determining whether the State provided substantial evidence, "the test is not whether subjectively the victim was in fact terrorized, but whether the evidence supports a finding that the defendant's purpose was to terrorize" the victim. *State v. Moore*, 315 N.C. 738, 745, 340 S.E.2d 401, 405 (1986). The facts presented by the State, viewed in the light most favorable to the State, indicate that the State met this burden.

Terrorizing is defined as "more than just putting another in fear. It means putting that person in some high degree of fear, a state of intense fright or apprehension." *Moore* at 745, 340 S.E.2d at 405. In the instant case, the evidence showed that defendant had already awakened the victim, pulling on his clothes and asking him questions, then put a knife or razor under his throat, beat him, and grabbed him by the ankle as he forced him into the bedroom. Defendant used his

knife to peel the electrical cord before using the electrical cord to bind the victim's hands and feet. Defendant then plugged the stripped cord into an outlet five separate times, asked the victim repeatedly about Shorty, and once left the room with the victim "plugged in." Finally, defendant poured beer over the victim's head *while the exposed electrical cord binding the victim was plugged into an outlet.* These are clearly the acts of one whose purpose was to place another person in "some high degree of fear, a state of intense fright or apprehension." *Id.* These facts are certainly substantial enough for one to reasonably infer that defendant intended to terrorize the victim. Accordingly, we believe the trial court ruled properly and find no error in the trial court proceeding on the charge of first degree kidnapping.

## II. The jury instructions

Defendant next assigns as error the jury instructions on the charge of first degree kidnapping. We disagree with defendant's contentions.

In *State v. Moore*, 315 N.C. 738, 749, 340 S.E.2d 401, 408 (1986), our Supreme Court explained that where a theory not supported by the evidence was included as a possible basis to form a verdict, and there was no method by which to determine whether the jury had indeed based its verdict upon the theory erroneously submitted, the trial court committed prejudicial error. Defendant contends that the jury's verdict failed to specify which statutory purpose (doing serious bodily harm or terrorizing) was the basis for its conviction for first degree kidnapping, and therefore may have been based upon a theory not supported by the evidence. However, because we find that there was evidence to support the terrorizing purpose, and because defendant has not asserted that there was insufficient evidence to prove the purpose of doing serious bodily harm, we find no error in the jury's verdict. Either theory could have properly been the basis for the jury's decision. We are fully satisfied that the verdict was based upon a theory properly submitted.

No error.

Judges COZORT and MARTIN concur.