THORNBURG, Judge.
Defendant was found guilty of trafficking in cocaine and was sentenced to a minimum term of 35 months and a maximum term of 42 months in the custody of the North Carolina Department of Corrections.
The evidence of the State tends to show that on 25 August 1998, Detective V.R. Johnson was dispatched to a residence at 315 Dacian Road in Raleigh. He found five men, including defendant, standing in the street in front of the residence. He asked the men whether they had illegal drugs on their persons. The men responded negatively. The officer searched the men and found a large amount of cash in twenty dollar bills and smaller bills in defendant's pocket. Defendant subsequently entered a blue automobile and leftthe scene. Detective Johnson obtained consent from an occupant of the residence to search the same. In the carport Detective Johnson found two trash bags. He picked up the bags and found two large chunks of crack cocaine. Detective Johnson placed the chunks in his pocket and decided to keep the residence under surveillance for anyone coming to the carport. Detective Johnson then moved his vehicle. As he walked back toward the residence, he saw defendant standing at the spot where Detective Johnson had retrieved the contraband. Defendant was holding what appeared to be a trash bag. Defendant saw Detective Johnson and then vanished. Detective Johnson went inside the house looking for defendant but did not find him.
Further evidence showed that the residence at 315 Dacian Road belonged to defendant's grandmother, that defendant gave that address as his residence to his probation officer, that defendant had been confined on electronic house arrest to this residence, and that defendant was at this address when the probation officer visited. Defendant's cousin, who gave consent to Detective Johnson to search the residence at 315 Dacian Road, testified that defendant did not reside there.
Defendant presents two assignments of error for review.
First, he contends that he is entitled to a new trial because the court reporter has been unable to provide him with a complete transcript of proceedings. Specifically, although the transcript of the evidence received at trial is complete, the transcript lacksthe return of the jury's verdict, the evidence presented at sentencing, and the entry of judgment in open court.
The absence of a complete transcript is not prejudicial error mandating a new trial "where alternatives are available that would fulfill the same functions as a transcript and provide the defendant with a meaningful appeal." State v. Lawrence, 352 N.C. 1, 16, 530 S.E.2d 807, 817 (2000), cert. denied, 531 U.S. 1083, 148 L. Ed. 2d 684 (2001). Here, the record contains the verdict form signed by the jury foreperson and the judgment signed by the trial judge. Neither defendant's trial counsel nor the prosecutor, although they did not retain their notes of the sentencing proceeding, could "recall anything unique or unusual" about the sentencing hearing. Thus, we conclude that the lack of a transcript of the sentencing hearing did not deprive defendant of a meaningful appeal. Accordingly, this assignment of error is overruled.
Second, defendant contends that the trial court erred by denying his motion to dismiss for insufficient evidence. Upon a motion to dismiss, the trial court determines whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "The trial court's function is to determine whether the evidence will permit a reasonable inference that the defendant is guilty of the crimes charged." State v. Vause, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991). The court must consider the evidence in the light mostfavorable to the State, giving it the benefit of every reasonable inference that may be drawn from the evidence. State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). Contradictions and discrepancies in the evidence are left for resolution by a jury. State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).
The indictment in the case at bar charged defendant with trafficking in cocaine by possession of 28 grams or more but less than 200 grams of cocaine.
An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused "within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession."
State v. Harvey, 281 N.C. 1, 12-13, 187 S.E.2d 706, 714 (1972)(citations omitted). When narcotics are found on premises over which the defendant does not have exclusive control, the State must present evidence of other incriminating circumstances before constructive possession may be inferred. State v. Butler, 356 N.C. 141, 146, 567 S.E.2d 137, 140 (2002)(citations omitted).
Viewed in the light most favorable to the State, the evidence shows that defendant resided in the residence where the contraband was found. After Detective Johnson seized the cocaine and left theresidence, defendant returned to the carport and the spot where Detective Johnson had seized the contraband. When defendant saw that Detective Johnson saw him standing in the carport near that spot, defendant fled. Based upon this evidence, a jury could reasonably infer that defendant constructively possessed the 48.8 grams of cocaine Detective Johnson found in the carport. Accordingly, this assignment of error is overruled.
No error.
Judges HUDSON and STEELMAN concur.
Report per Rule 30(e).