STATE OF NORTH CAROLINA
v.
THOMAS ODELL CANADY.
No. COA08-1168
Court of Appeals of North Carolina.
Filed April 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Lars F. Nance, for the State.
M. Alexander Charns, for defendant-appellant.
JACKSON, Judge.
Thomas Odell Canady ("defendant") appeals his 7 December 2007 conviction of trafficking in cocaine by transportation of 400 grams or more. For the reasons stated below, we hold no error.
On 19 February 2007, Officer Justin Blanks ("Officer Blanks") of the Greensboro Police Department was patrolling a known drug area known as the "Dust Bowl" as part of the Tactical Special Enforcement Team ("TSET"). While stopped at a stop sign at the intersection of Vance and Andrew Streets, Officer Blanks, driving an unmarked vehicle and wearing a "cover shirt" over his police uniform so as not to look like an officer, observed a silver sports utility vehicle ("SUV") parked on Andrew Street, facing Martin Luther King Drive. Three young black males were crowded around the passenger side window of the SUV, perhaps leaning into the vehicle.
After Officer Blanks had been observing the SUV for approximately five seconds, the three individuals beside the SUV noticed his presence, yelled "police, police," and ran away. As the three ran away, the SUV also drove away. Police never apprehended the three individuals who ran away on foot.
Officer Blanks followed the SUV to "see what may happen next" because he believed he had just observed a narcotics transaction take place. Officer Blanks followed the SUV for approximately ten minutes and four miles, waiting for another officer to arrive before initiating a traffic stop. Upon the arrival of Officer John LeGrand ("Officer LeGrand"), Officer Blanks activated his blue lights and the SUV pulled over.
Defendant was driving the SUV and Jonas Thompson ("Thompson") was riding in the front passenger seat. The vehicle itself was rented from Triangle Rental Company. Another TSET officer, Corporal John William Ryan ("Corporal Ryan") arrived; while Officer LeGrand checked the status of defendant's and Thompson's driver's licenses, Officer Blanks and Corporal Ryan discussed the traffic stop at the rear of the SUV. After Officer LeGrand informed Officer Blanks that defendant's license was active and there were no outstanding warrants, Officer Blanks asked defendant to step to the rear of the SUV so that they could speak.
While Thompson sat in the SUV, Officer Blanks informed defendant as to what he had observed and stated that he believed that criminal activity was occurring. Defendant responded that he "could see why" Officer Blanks reached that conclusion. Officer Blanks smelled burnt marijuana on defendant's person; defendant said that he had smoked marijuana at the house in front of which Officer Blanks had seen the SUV.
When Officer Blanks inquired about the rented SUV, defendant informed him that it was rented by a friend of his and that he had only borrowed it. When asked if there were any weapons or narcotics in the vehicle, defendant responded that he did not know because it was rented to his friend. Officer Blanks also asked defendant if there was a lease agreement for the vehicle. Defendant indicated that it would be in the glove box. When Officer Blanks asked if he could look at it, defendant said, "Sure, go ahead." Officer Blanks asked Officer LeGrand to retrieve the lease agreement from the glove box.
When Officer LeGrand opened the passenger side door, Thompson shoved him in the chest, pushing him back, and ran from the scene on foot. Officer LeGrand and Corporal Ryan chased Thompson while Officer Blanks handcuffed defendant. As Thompson ran, he reached into his waistband and threw objects into the air. These objects proved to be baggies containing more than 400 grams of cocaine.
On 7 December 2007, a jury found defendant guilty of trafficking in cocaine by transportation of 400 grams or more. The trial court sentenced defendant to 175 to 219 months imprisonment. Defendant appeals. Defendant first argues that the trial court erred in the manner in which it answered juror questions and the jury instructions given in response to those questions. We disagree.
Pursuant to the North Carolina Rules of Appellate Procedure,
[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. Any such question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, may be made the basis of an assignment of error in the record on appeal.
N.C. R. App. P. 10(b)(1) (2007). Further,
[a] party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury.
N.C. R. App. P. 10(b)(2) (2007). However,
[i]n criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule or law without any such action, nevertheless may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error.
N.C. R. App. P. 10(c)(4) (2007). Here, during the charge conference, defense counsel asked the trial court to "consider borrowing from the aiding and abetting instruction, the parenthesis [sic] which says: A person is not guilty of the crime merely because he is present at the scene." The trial court understood that the requested instruction was an accurate statement of the law, but found it to be specific to the aiding and abetting charge  instruction on which would have required the State to have charged defendant with aiding and abetting, which it did not. Counsel said, "I can't argue with you, Your Honor, on that situation." The trial court declined to give the requested instruction. However, the trial court allowed defendant to argue the point to the jury.
Counsel also expressed concern over the trial court's instructions on acting in concert, stating that it "unnecessarily complicates matters[.]" Further, counsel objected to the inclusion of a supplemental instruction that "[t]he State is not required to prove that the defendant had knowledge of the weight or amount of the controlled substance he knowingly transported, only that he knowingly transported the controlled substance." Counsel objected "in hopes that someone much smarter than I . . . can convince the Supreme Court that that's not a proper instruction, I would want that option open for my client."
When counsel was presented with the final proposed instructions, and asked if he had any objections thereto, counsel said, "Nothing, other than what was previously noted, Your Honor." After the trial court instructed the jury, it asked if counsel had any objections to the instructions given. Counsel said, "Nothing, other than already noted, Your Honor."
During jury deliberations, the jury asked the trial court to "[p]lease restate the law that is willing consent." In conference with the State and defense counsel, the trial court noted that neither willing nor consent were words used in the jury charge. The trial court proposed to re-instruct on the substantive offense. Neither the State nor defense counsel understood the question. Defense counsel did not "think it would be improper to instruct on" the substantive offense. When the trial court asked if there were any objections to its answering the question by so instructing the jury, counsel said, "No, Your Honor, other than the objection I noted earlier." When asked if there were any objections to how the court responded to the jury's question, counsel said, "No, Your Honor."
After further deliberations, the jury again asked about "willing consent." The trial court understood the question to read, "Does the willing consent by association law supercede the jurors' belief of defendant's innocence?" As it was the end of the day, the trial court waited until morning to address the jury's question. When asked about his proposal for an appropriate response, defense counsel indicated that he thought the trial court should instruct as he had requested at the bench. Bench conferences were not recorded; therefore, we cannot know the substance of that request. Counsel then proposed a "middle-of-the-road" approach: I would ask Your Honor to give the same instruction that you gave the last time. I think we may  I think maybe their problem  and I'm speculating a whole lot here  is they're hung up on the doctrine of acting in concert. And I think the best policy is to just give the substantive instruction along with acting in concert and then the final mandate.
The trial court then proposed to give the first two paragraphs of the concluding instructions in addition to the instruction previously given, to which counsel said, "I don't have any problems with that, Your Honor." The trial court also suggested instructing again on the burden of proof and reasonable doubt. Defense counsel stated "[t]hat would be entirely appropriate[.]"
After the State asked that the jury be re-instructed on circumstantial evidence as well, the trial court asked if there was "[a]ny objection for me re-instructing the jury on everything? There are three pages. It would take . . . six minutes." Counsel responded that he would prefer the trial court "stick with" its earlier decision to instruct on the substantive offense with acting in concert, as well as burden of proof and reasonable doubt. However, if the trial court decided to give the entire jury charge again, he was "not going to object to that, no."
Defendant now contends that the trial court abused its discretion in the manner in which it answered the jury's questions and erred as a matter of law in failing to instruct the jury on mere presence at the scene of a crime. However, the record reveals that defendant has failed to preserve these issues for our review. Not only did defendant fail to object, but he also agreed with the trial court's plan to address the jury's questions.
Although defendant raises plain error in one of his assignments of error, he fails to argue plain error in his brief.
The right and requirement to specifically and distinctly contend an error amounts to plain error does not obviate the requirement that a party provide argument supporting the contention that the trial court's instruction amounted to plain error, as required by subsections (a) and (b)(5) of [North Carolina] Rule [of Appellate Procedure] 28.
State v. Cummings, 352 N.C. 600, 636, 536 S.E.2d 36, 61 (2000), cert. denied, 532 U.S. 997, 149 L. Ed. 2d 641 (2001).
Plain error analysis should be applied cautiously and only when after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done. An appellate court must be convinced that absent the error the jury probably would have reached a different verdict.
State v. Smith, 362 N.C. 583, 596, 669 S.E.2d 299, 308 (2008) (emphasis in original) (citations and internal quotation marks omitted). Defendant has provided no argument demonstrating such a fundamental error absent which the jury would have reached a different verdict. "Assignments of error . . . in support of which no reason or argument is stated . . . will be taken as abandoned." N.C. R. App. P. 28(b)(6) (2007). Because defendant has failed to preserve this issue for our review or otherwise argued plain error, this argument is without merit. Defendant next argues that the trial court erred in denying his motion to dismiss the charge against him for insufficiency of the evidence. We disagree.
In reviewing a defendant's motion for dismissal, the question for this Court is "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "If so, the motion is properly denied." Id. (citations omitted).
The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion.
Id. at 99, 261 S.E.2d at 117 (citations omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996) (citing State v. Vause, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)).
Defendant contends that the State failed to present sufficient evidence that his transportation of the cocaine was done knowingly. He cites cases dealing with constructive possession of drugs. However, defendant was not charged with possession, or trafficking in cocaine by possession. Defendant was charged with trafficking in cocaine by transportation. "`When the State has established . . . that a defendant was present while a trafficking offense occurred and that he acted in concert with others to commit the offense pursuant to a common plan or purpose, it is not necessary to invoke the doctrine of constructive possession.'" State v. Autry, 101 N.C. App. 245, 254, 399 S.E.2d 357, 363 (1991) (omission in original) (quoting State v. Diaz, 317 N.C. 545, 552, 346 S.E.2d 488, 493 (1986)).
In the light most favorable to the State, defendant was present when Thompson ran from the SUV defendant had been driving, carrying more than 400 grams of cocaine on his person. Further, there was evidence from which the jury could conclude that defendant and Thompson were acting in concert. Therefore, it was not necessary for the State to present evidence of constructive possession. Accordingly, this argument is without merit.
Finally, defendant argues that the trial court erred in failing to suppress the cocaine itself. He contends that the traffic stop was unconstitutional. We disagree.
"[A] motion in limine [i]s not sufficient to preserve for appeal the question of admissibility of evidence if the defendant does not object to that evidence at the time it is offered at trial." State v. Golphin, 352 N.C. 364, 405, 533 S.E.2d 168, 198 (2000), cert. denied, 532 U.S. 931, 149 L. Ed. 2d 305 (2001) (citation omitted). Here, defendant made no objection when the State introduced the cocaine into evidence. Absent a contemporaneous objection, our review is limited to plain error. State v. Gary, 348 N.C. 510, 518, 501 S.E.2d 57, 63 (1998) (citations omitted). However, defendant has not asserted plain error; therefore, this review is waived. See id. (citations omitted).
We can discern no error in the trial below.
No error.
Judges STEPHENS and STROUD concur.
Report per Rule 30(e).