IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-15

No. 385PA20

Filed 11 February 2022

STATE OF NORTH CAROLINA

v.

MITCHELL ANDREW TUCKER

On discretionary review pursuant to N.C.G.S. § 7A-31 of a divided decision of the Court of Appeals, 273 N.C. App. 174 (2020), reversing in part and vacating in part judgments entered on 30 May 2018 by Judge Jesse B. Caldwell III in Superior Court, Mecklenburg County. Heard in the Supreme Court on 9 November 2021.

*Joshua H. Stein, Attorney General, by Bethany A. Burgon, Assistant Attorney General, for the State-appellant.*

*Guy J. Loranger for defendant-appellee.*

BARRINGER, Justice.

¶ 1 In this matter, we consider whether the Court of Appeals erred by reversing several of defendant's convictions for insufficient evidence. After careful review, we conclude the Court of Appeals erred. Thus, we reverse the decision of the Court of Appeals.

## I. Procedural Background

¶ 2 Defendant was indicted by a grand jury for violating a civil domestic violence protective order while in possession of a deadly weapon, felonious breaking or

entering, assault with a deadly weapon, and assault on a female. The grand jury subsequently indicted defendant for the status offenses of habitual breaking and entering and habitual felon.

¶ 3         During trial, defendant twice moved to dismiss the charges relating to the violation of the civil domestic violence protective order. Defendant argued that the State had failed to prove that defendant had knowledge of the 6 September 2017 domestic violence protective order (6 September 2017 DVPO) in effect at the time of the alleged crimes. The trial court denied the motions to dismiss.

¶ 4         The jury returned verdicts finding defendant guilty of violating a civil domestic violence protective order while in possession of a deadly weapon, felonious breaking or entering in violation of a valid domestic violence protective order, assault with a deadly weapon, and assault on a female. Defendant pleaded guilty to attaining habitual felon status, and the trial court dismissed the habitual breaking and entering charge pursuant to the plea arrangement.

¶ 5         The trial court consolidated the convictions of violating a civil domestic violence protective order while in possession of a deadly weapon, felonious breaking or entering, and habitual felon and sentenced defendant to a minimum of 95 months and a maximum of 126 months of imprisonment. The trial court separately sentenced defendant to 60 days for assault with a deadly weapon and 30 days for assault on a female, both to be served consecutive to the first sentence. All time was to be served

in the custody of the North Carolina Department of Adult Correction and Juvenile

Justice.

¶ 6        Defendant appealed. On appeal, defendant presented two issues:

> I.  Did the trial court err by denying [defendant's]
> motion to dismiss the charge of violating a domestic
> violence protective order while in possession of a deadly
> weapon where the State failed to present evidence that
> [defendant] had knowledge of the 6 September 2017
> [DVPO]?
>
> II. Did the trial court err or commit plain error in
> violation of [defendant's] right to a unanimous verdict by
> instructing the jury that it could find him guilty of felony
> breaking and entering based on one alternative theory of
> guilt[ ]—[defendant] intended to commit a felony domestic
> violence protective order violation—which the evidence
> failed to support?

¶ 7        The Court of Appeals majority opinion concluded that the State "presented no

evidence that defendant received notice or was otherwise aware of the

[6 September 2017] DVPO." *State v. Tucker*, 273 N.C. App. 174, 178 (2020). The Court

of Appeals viewed defendant's statement—"I know" in response to the victim's

statement, "I got a restraining order"[1]—to be "evidence" that "is simply too tenuous

---

[1] This Court has ordered that State's Exhibit 14 be added to the record on appeal, pursuant to Rule 9(b)(5)(b) of the North Carolina Rules of Appellate Procedure. State's Exhibit 14 is the recording played to the jury capturing the exchange between the victim, Pasquarella, and defendant. The recording is from the responding officer's body camera. The Court of Appeals used slightly different quotes in its opinion when describing the exchange, *State v. Tucker*, 273 N.C. App. 174, 177–78 (2020), but the Court of Appeals does not appear to have requested or had access to State's Exhibit 14.

to form a basis for a reasonable inference by the jury," *id.* at 179. The Court of Appeals therefore concluded that the trial court erred by "denying defendant's motions to dismiss the charge of violation of a protective order while in possession of a deadly weapon, as the State failed to present sufficient evidence of defendant's knowledge of the [6 September 2017] DVPO." *Id.* at 180.

¶ 8 Since the COA concluded that the State did not present sufficient evidence of defendant's knowledge of the 6 September 2017 DVPO, the Court of Appeals additionally determined that the trial court plainly erred in permitting the jury to convict defendant of felonious breaking or entering in violation of the 6 September 2017 DVPO. *Id.* at 180–81. The Court of Appeals thus reversed defendant's convictions for violation of a protective order while in possession of a deadly weapon and felonious breaking or entering. *Id.* at 181. As these charges formed the basis of defendant's habitual felon plea, the Court of Appeals also vacated the plea. *Id.*

¶ 9 The State petitioned for discretionary review pursuant to N.C.G.S. § 7A-31, arguing that the Court of Appeals erred by reversing the aforementioned convictions for insufficient evidence. This Court allowed discretionary review.

## II. Standard of Review

¶ 10 "Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to

dismiss de novo." *State v. Crockett*, 368 N.C. 717, 720 (2016). The question for a court

on a motion to dismiss for insufficient evidence "is whether there is substantial

evidence (1) of each essential element of the offense charged, or of a lesser offense

included therein, and (2) of defendant's being the perpetrator of such offense." *State*

*v. Powell*, 299 N.C. 95, 98 (1980). "If so, the motion is properly denied." *Id.* Substantial

evidence is the same as more than a scintilla of evidence. *Id.* at 99.

> In reviewing challenges to the sufficiency of evidence, we
> must view the evidence in the light most favorable to the
> State, giving the State the benefit of all reasonable
> inferences. Contradictions and discrepancies do not
> warrant dismissal of the case but are for the jury to resolve.
> The test for sufficiency of the evidence is the same whether
> the evidence is direct or circumstantial or both.
> Circumstantial evidence may withstand a motion to
> dismiss and support a conviction even when the evidence
> does not rule out every hypothesis of innocence. If the
> evidence presented is circumstantial, the court must
> consider whether a reasonable inference of defendant's
> guilt may be drawn from the circumstances. Once the court
> decides that a reasonable inference of defendant's guilt
> may be drawn from the circumstances, then it is for the
> jury to decide whether the facts, *taken singly or in*
> *combination*, satisfy it beyond a reasonable doubt that the
> defendant is actually guilty.

*State v. Barnes*, 334 N.C. 67, 75–76 (1993) (cleaned up). In making this

determination, a court "is to consider all evidence actually admitted, competent or

incompetent, which is favorable to the State, disregarding defendant's evidence

unless favorable to the State." *State v. Baker*, 338 N.C. 526, 558–59 (1994). "When

ruling on a motion to dismiss, the trial court should be concerned only about whether

the evidence is sufficient for jury consideration, not about the weight of the evidence." *State v. Fritsch*, 351 N.C. 373, 379 (2000).

### III.    Analysis

To sustain a charge of violating a civil domestic violence protective order while in possession of a deadly weapon, the State must present substantial evidence that a defendant:

> while in possession of a deadly weapon on or about his or her person or within close proximity to his or her person, knowingly violate[d] a valid protective order as provided in subsection (a) of this section by failing to stay away from a place, or a person, as so directed under the terms of the order.

N.C.G.S. § 50B-4.1(g) (2021). In this matter, the valid protective order is the civil domestic violence protective order entered on 6 September 2017.

Defendant argued before the trial court, the Court of Appeals, and now this Court that the State failed to present substantial evidence of defendant's knowledge—namely, his knowledge of the 6 September 2017 DVPO. We disagree. Under the well-established standard of review, substantial evidence existed from which the jury could infer that defendant "knowingly violate[d]" the 6 September 2017 DVPO. *See* N.C.G.S. § 50B-4.1(g).

The State's evidence at trial showed the following: Deanna Pasquarella and defendant were girlfriend and boyfriend for about six- or seven-months. They were both homeless when they met in 2016.

¶ 14     In August 2017, Pasquarella applied for and obtained an ex parte domestic violence protective order (ex parte DVPO) after defendant repeatedly struck her with an umbrella as they were crossing the street at the Lynx light rail station. The ex parte DVPO was effective until 6 September 2017. An employee of the Sheriff's Office Domestic Violence Enforcement Team read the ex parte DVPO to defendant; answered defendant's questions; and served defendant with the ex parte DVPO, the civil summons, and the Notice of Hearing on Domestic Violence Protective Order. The Notice states that the hearing would be held on 6 September 2017 at 1:30 p.m. in Courtroom 4110, Mecklenburg County Courthouse, and "[a]t that hearing[,] it will be determined whether the Order will be continued."

¶ 15     At the 6 September 2017 hearing, Pasquarella obtained the 6 September 2017 DVPO. This DVPO was issued on 6 September 2017 and effective until 6 September 2018. Pasquarella attended the hearing, but defendant was not present.

¶ 16     On the morning of 7 September 2017, Pasquarella heard a knock on her apartment door. She looked through the peephole on her door and saw that defendant was there. Pasquarella called the police and locked herself in the closet. Defendant broke a window in her apartment, climbed through the window into the apartment, and opened the door to the closet where Pasquarella was hiding. Defendant grabbed her cell phone and then started hitting her, punching her, and grabbing her by the collar of her shirt. Eventually, he retrieved a knife from his backpack. Defendant then

put the knife to Pasquarella's throat and said, "I'm going to jail anyway. I might as well kill you, bitch."

¶ 17        The police officer responding to Pasquarella's domestic violence call entered the apartment through the front door and observed defendant on top of Pasquarella. The police officer instructed defendant to get off Pasquarella. Defendant then started repeating, "I'm going to jail." The police officer then handcuffed defendant as defendant stepped away from Pasquarella. Pasquarella shortly thereafter asked, "Well, why'd you do it?" and defendant responded, "Why'd you do it?" Defendant later said, "Man, I messed up." Pasquarella stated, "I got a restraining order," to which defendant responded, "Yeah, I know you did."

¶ 18        The State contends the Court of Appeals misapplied the standard of review and erroneously analyzed the evidence in the light most favorable to defendant. We agree that the Court of Appeals erred.

¶ 19        The Court of Appeals identified that a court must view the evidence in the light most favorable to the State and resolve every reasonable inference in favor of the State. *Tucker*, 273 N.C. App. at 177. Nonetheless, the Court of Appeals failed to follow this standard. It initially ignored the State's evidence of defendant's statement, "I know," by concluding that "the State presented *no* evidence that defendant received notice or was otherwise aware of the [6 September 2017] DVPO." *Id.* at 178 (emphasis added). Yet, the Court of Appeals then determined that defendant's statement, "I

know," which the State argued showed defendant was aware of the second DVPO, was "too tenuous to form a basis for a reasonable inference by the jury." *Id.* at 179.

¶ 20    The State introduced, and the trial court allowed into evidence, the recording from the responding officer's body camera. The State then played for the jury the recording. That recording captured Pasquarella saying, "I got a restraining order," and defendant responding, "Yeah, I know you did." The State replayed the recording for the trial court when defendant first moved to dismiss for insufficient evidence.

¶ 21    Defendant's statement that he was aware of the existence of the DVPO was evidence that could be viewed in different lights. However, the applicable standard of review for a motion to dismiss for insufficient evidence requires a court to view the evidence in the light most favorable to the State. *Barnes*, 334 N.C. at 75. Therefore, the Court of Appeals was required to consider this evidence in the light most favorable to the State when reviewing de novo the trial court's denial of the motion to dismiss for sufficiency of the evidence. The Court of Appeals erred by not viewing the evidence in this light.

¶ 22    Defendant argued that his statement could refer to the ex parte DVPO, which expired on 6 September 2017, *Tucker*, 273 N.C. App. at 178, and the Court of Appeals adopted defendant's view, ignoring other possible meanings of defendant's declaration, *id.* at 178. By determining that the State's evidence was "too tenuous," *id.* at 178–79, the analysis by the Court of Appeals impermissibly focused on the

weight, not the sufficiency, of the evidence. However, that was the task of the jury—not the court. The proper application of the standard of review does not involve weighing the evidence, *Fritsch*, 351 N.C. at 379, considering defendant's evidence that is not favorable to the State, *Baker*, 338 N.C. at 558–59, or contemplating what evidence the State "should have presented," *State v. Miller*, 363 N.C. 96, 100–01 (2009).

¶ 23        Applying the proper standard of review, we hold that the properly considered evidence, taken in the light most favorable to the State, was sufficient to support a determination that defendant "knowingly violate[d]" the 6 September 2017 DVPO. *See* N.C.G.S. § 50B-4.1(g). Defendant's statement, "I know," in addition to his other statements, conduct, and the timing of such conduct, supports this holding. The existence of evidence that could support different inferences is not determinative of a motion to dismiss for insufficient evidence. *See Barnes*, 334 N.C. at 75. The evidence need only be sufficient to support a reasonable inference. *See id.*

## IV.    Conclusion

¶ 24        As we conclude that the Court of Appeals erred and that there is sufficient evidence of defendant's knowledge of the 6 September 2017 DVPO for his convictions, we reverse the decision of the Court of Appeals. Accordingly, because we reverse the Court of Appeals on the issue of defendant's violation of the domestic violence protective order, we reinstate defendant's convictions that were reversed or vacated

by the Court of Appeals—violating a civil domestic violence protective order while in possession of a deadly weapon, felonious breaking or entering, and habitual felon.

REVERSED.