STATE OF NORTH CAROLINA v. BRYAN IPOCK

No. COA97-1027

(Filed 19 May 1998)

**Arrest and Bail § 198 (NCI4th)— bail bondsman—arrest of defendant—failure to return premium—insufficient evidence**

The State's evidence was insufficient to support a bail bondsman's conviction of failing to return a bail bond premium pursuant to N.C.G.S. § 58-71-20 after having the defendant arrested and returned to jail where two witnesses testified only that defendant stated that he was not going to return the premium,

but there was no testimony by the person to whom the premium refund was due or anyone else that defendant had not returned the premium as of the date of trial.

Appeal by defendant from judgment entered 27 January 1997 by Judge James D. Llewellyn in Jones County Superior Court. Heard in the Court of Appeals 29 April 1998.

*Attorney General Michael F. Easley, by Associate Attorney General Tina A. Krasner, for the State.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Rudolph A. Ashton, III, for defendant.*

LEWIS, Judge.

Defendant was convicted in Jones County Superior Court of failing to return a bail bond premium under N.C. Gen. Stat. § 58-71-20. Testimony at the trial tended to show that Polly Ayers contacted defendant, a bail bondsman, to secure the release of Pedro Romero Lara, who was being held under a three thousand dollar bond in the Jones County jail. Defendant signed as surety for Mr. Lara and Lara was released from jail. Ms. Ayers paid defendant a four hundred fifty dollar premium and signed an indemnity agreement and guaranty for the bond.

Several days later Ms. Ayers contacted defendant and indicated that Mr. Lara was planning to leave town after he received his next paycheck. She asked to rescind the indemnity agreement. Defendant had Mr. Lara arrested and returned to the Jones County jail.

Stephanie Koonce, the chief jailer of the Jones County jail, testified that defendant told her that he was not going to return the premium because he had heard from a reliable source that Mr. Lara was planning to leave town.

Mr. Lara testified that he had given Ms. Ayers close to two hundred dollars in repayment for the bond premium that she had paid on his behalf. Mr. Lara further testified that he had not received a refund of the premium from defendant.

Terry Abney, an investigator for the Department of Insurance, testified that he interviewed defendant during his investigation of this matter. Mr. Abney testified that, during the course of this interview, defendant stated that he was not going to return the premium for any

reason at all but later stated that "if that was all this was about that he would return the money in a couple of days."

Polly Ayers had testified at the district court trial but she did not testify at the trial in superior court. There is no record of her testimony. The state rested and the defense moved to dismiss the charge. The motion was denied.

In his first assignment of error defendant argues that the trial court erred in denying his motion to dismiss at the close of the State's evidence and in denying his motion for appropriate relief on the grounds that the State failed to present substantial evidence of each element of the crime charged. We agree.

The statute under which defendant was prosecuted provides:

> At any time before there has been a breach of the undertaking in any type of bail or fine and cash bond the surety may surrender the defendant to the official to whose custody the defendant was committed at the time bail was taken, or to the official into whose custody the defendant would have been given had been committed; in such case the full premium shall be returned. The defendant may be surrendered without the return of premium for the bond if he has been guilty of nonpayment of premium, changing address without notifying his bondsman, concealing himself, leaving the jurisdiction of the court without permission of his bondsman or violating his obligation to the court.

N.C. Gen. Stat. §58-71-20 (1994). General Statute section 58-71-185 provides that any violation of Article 71 shall be punishable as a Class 1 misdemeanor.

In order to survive a motion to dismiss at the close of the State's evidence, the State must present substantial evidence on each element of the crime charged. *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). Substantial evidence is evidence which a reasonable person would find sufficient to support a conclusion. *State v. Greer*, 308 N.C. 515, 519, 302 S.E.2d 774, 717 (1983). In considering such a motion, the facts are to be construed in the light most favorable to the State and the State is to be given the benefit of every reasonable inference. *Id.* at 519, 302 S.E.2d at 717.

There is no case law to guide us in examining the elements of this particular crime. It is abundantly clear, however, that one of the ele-

ments the State must prove is that defendant failed to return a bail bond premium.

We recognize that the State faces a greater burden when called upon to prove a negative. Here the State must prove a criminal omission, that defendant did not return the premium. This challenge, however, does not lessen the State's duty to prove every element of its case.

The evidence presented at the superior court trial, viewed in the light most favorable to the State, is insufficient to prove that defendant did not return the premium to Polly Ayers, who paid it. Ms. Koonce and Mr. Abney testified that defendant had expressed his intention not to return the premium. In fact, Mr. Abney testified that defendant stated later in their conversation that he would return the premium if "that's all this is about." Mr. Lara testified that he had repaid Ms. Ayers two hundred dollars of the premium and, therefore, that amount was due to him. Defendant's agreement was not with Mr. Lara but with Ms. Ayers. Mr. Lara's testimony alone was insufficient to show that defendant had breached any obligation to him.

Mr. Abney's testimony was competent to prove only that, as of the date of Mr. Abney's interview, defendant had not yet returned the premium. There is no requirement in the statute that the bail bondsman return the premium within a certain period. We assume that defendant would not be guilty under the statute if he returned the premium at any time prior to the beginning of trial. Therefore, the State was required to prove that defendant had not returned the premium to Ms. Ayers as of the date of trial.

If Ms. Ayers had testified that she had never received a refund of the premium from defendant there would have been sufficient evidence to allow the case to go to the jury. There was no such testimony. One element of this crime as charged is that defendant did not return the premium to Ms. Ayers. That is fatal.

Although this case is fully decided on the reasoning above, we feel compelled to address the minefield that General Statute section 58-71-20 presents. The statute provides that the premium may be retained by the bondsman if the defendant "has been guilty of" any of five listed offenses. It is unclear if there must be some sort of an adjudication prior to the bail bondsman's decision to keep the premium. We note that most of these offenses are not crimes. A person could not, for instance, be found "guilty" of nonpayment of premium,

IN RE FORECLOSURE OF BLUE RIDGE HOLDINGS LTD. PART.

[129 N.C. App. 534 (1998)]

changing addresses without notification or leaving the jurisdiction without permission of his bondsman.

In addition, we believe that several of the listed scenarios give very little guidance to the bail bondsmen. For instance, the term "concealing himself" is not defined by the statute. The term "violating his obligation to the court" may be subject to multiple interpretations. While we did not reach the appellant's argument that the term "leaving the jurisdiction of the court" may include preparations or plans to leave, we believe our legislature may well wish to refine these sections.

Indeed, what is the "jurisdiction"? If it is, as stated, the jurisdiction of the court it could be the judicial district or it could be the State of North Carolina.

In light of our disposition of this case, we need not reach defendant's remaining assignments of error. The judgment of the superior court is

Reversed.

Judges GREENE and HORTON concur.