STATE OF NORTH CAROLINA v. CLARENCE OCTETREE

No. COA04-1313

(Filed 6 September 2005)

**False Pretense— misdemeanor failure to work after being paid—motion to dismiss—sufficiency of evidence**

The trial court did not err by failing to dismiss the charge of misdemeanor failure to work after being paid at the close of the State's evidence, because: (1) the evidence presented a question for the jury to resolve when the alleged victim testified that he gave defendant $100 to buy supplies for a task defendant had agreed to perform and defendant testified that he never received the $100 but refused to do the work because he had not been fully paid by the alleged victim for a previous job; and (2) even though the $100 was intended for the purchase of materials, the State produced substantial evidence under N.C.G.S. § 14-104 that defendant obtained an advance of money, provisions, goods, wares or merchandise from the alleged victim on the false promise of completing the work.

Appeal by defendant from judgment entered 12 May 2004 by Judge C. Philip Ginn in Henderson County Superior Court. Heard in the Court of Appeals 17 August 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Spurgeon Fields, III, for the State.*

*William D. Auman, for defendant-appellant.*

TYSON, Judge.

Clarence Octetree ("defendant") appeals from judgment entered after a jury found him to be guilty of misdemeanor failure to work after being paid. We find no error.

### I. Background

The State's evidence tended to show during late July 2003 William Noonan ("Noonan") hired defendant to remove brush and trees from his property over a two day period. Noonan paid defendant for his work at the end of both days. Noonan was initially satisfied with defendant's work and asked him to replace the wooden floor of Noonan's backyard shed the following day. Defendant agreed to per-

**STATE v. OCTETREE**

[173 N.C. App. 228 (2005)]

form the work and told Noonan that he would procure the plywood required for the repairs. Noonan gave defendant $100.00 to purchase the plywood. Defendant never returned to replace the wooden floor in Noonan's shed and failed to refund Noonan's money.

At trial, defendant testified that he did not receive $100.00 from Noonan. Defendant claimed Noonan still owed him $1,200.00 for previous work he had done. At the close of the State's evidence, defendant moved to dismiss the charge due to insufficient evidence concerning defendant's intent to defraud. The trial court denied defendant's motion.

On 12 May 2004, a jury found defendant to be guilty of misdemeanor failure to work after being paid. Defendant was sentenced to sixty days of imprisonment. The sentence was partially suspended for thirty-six months and defendant was placed on supervisory probation and required to serve five days in jail. Defendant appeals.

## II. Issue

Defendant contends the trial court erred by failing to dismiss the charge at the close of the State's evidence due to insufficiency of the evidence.

## III. Standard of Review

"To survive a motion to dismiss, the State must offer substantial evidence of each essential element of the offense and substantial evidence that defendant is the perpetrator." *State v. Lee*, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998) (citation omitted). Substantial evidence is evidence that is "existing and real, not just seeming or imaginary." *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980) (citation omitted). "Ultimately, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances." *Lee*, 348 N.C. at 488, 501 S.E.2d at 343 (citation omitted).

## IV. Misdemeanor Failure to Work After Being Paid

Defendant was charged with misdemeanor failure to work after being paid under N.C. Gen. Stat. § 14-104.

> If any person, with intent to cheat or defraud another, shall obtain any advances in money, provisions, goods, wares or merchandise of any description from any other person or corporation upon

and by color of any promise or agreement that the person making the same will begin any work or labor of any description for such person or corporation from whom the advances are obtained, and the person making the promise or agreement shall willfully fail, without a lawful excuse, to commence or complete such work according to contract, he shall be guilty of a Class 2 misdemeanor.

N.C. Gen. Stat. § 14-104 (2003).

The State must prove defendant did not intend to begin work at the time he received the advances (of money or provisions, etc.) "but used the promise [to work] as an artifice or fraud for the sole purpose of obtaining the advancements . . . ." *State v. Griffin*, 154 N.C. 611, 613, 70 S.E. 292, 292-93 (1911). Intent is a state of mind and usually must be inferred from circumstantial evidence. *See State v. Liberato*, 156 N.C. App. 182, 186, 576 S.E.2d 118, 120 (2003).

Noonan testified that he gave defendant $100.00 to buy supplies for a task defendant had agreed to perform. Defendant testified that he never received $100.00 and he refused to do the work because Noonan had not fully paid him for a previous job. Defendant moved to dismiss asserting the State had not presented substantial evidence of defendant's intent to defraud. We hold this evidence presented a question for the jury to resolve and does not mandate dismissal. *See State v. McKinney*, 288 N.C. 113, 215 S.E.2d 578 (1975).

### V. "Money, Provisions, Goods, Wares"

On appeal, defendant seeks to distinguish between being paid in advance for work and receiving money to purchase materials. Noonan's testimony, defendant argues, shows defendant was paid in advance for materials only and was not paid in advance for work to be performed.

The statute, however, makes it a misdemeanor to "obtain *any* advances in money, *provisions, goods, wares or merchandise of any description* from any other person" on the false promise of completing work. N.C. Gen. Stat. § 14-104 (emphasis supplied). Noonan testified that he gave defendant $100.00 to purchase plywood after defendant promised to complete the repairs. Even though the $100.00 was intended for the purchase of materials, the State produced substantial evidence defendant obtained an advance of "money, provisions, goods, wares or merchandise" from Noonan on the false promise of completing the work. *Id.*

**STATE v. OCTETREE**

[173 N.C. App. 228 (2005)]

## VI. Conclusion

The trial court did not err by denying defendant's motion to dismiss on these grounds. Defendant received a fair trial free from prejudicial errors he assigned and argued.

No error.

Judges McCULLOUGH and BRYANT concur.