**STATE v. SARES**

[182 N.C. App. 762 (2007)]

STATE OF NORTH CAROLINA v. BAUDEL PERES VILLA SARES

No. COA06-934

(Filed 17 April 2007)

**Drugs— trafficking in marijuana by possession and transportation—evidence of transportation—sufficiency**

There was sufficient evidence to support a conviction for trafficking in marijuana by transportation where defendant arrived at a meeting in a car belonging to an informant and driven by a third party with about fifteen pounds of marijuana in the trunk. There was evidence that defendant supplied the marijuana and he did not contest the finding that he had possession when arrested. It would be illogical to conclude that defendant was guilty of possession but was not personally involved in transporting the marijuana.

Appeal by defendant from judgments entered 8 March 2006 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 19 March 2007.

*Attorney General Roy Cooper, by Special Deputy Attorney General Richard E. Slipsky, for the State.*

*Amos Granger Tyndall for defendant.*

MARTIN, Chief Judge.

Defendant was convicted by a jury of trafficking in marijuana by possession and trafficking in marijuana by transportation. He appeals from judgments sentencing him to consecutive terms of imprisonment for twenty-five to thirty months.

The State's evidence at trial showed that police arrested defendant during an undercover drug purchase on 16 June 2005. Police arranged the undercover drug purchase with the help of informant Dworsky Perry, who had been arrested on drug charges prior to 16 June 2005. Perry told police he had a supplier who could get approximately fifteen pounds of marijuana. Perry called a "middle man" named Oscar Campos who contacted defendant and asked him to produce fifteen pounds of marijuana. Defendant agreed to meet Campos to sell marijuana to Perry. Police wired Perry with audio equipment and set up surveillance in the parking lot of a shopping

center. Defendant and Campos arrived at the shopping center in Perry's car, a Cadillac which Perry had provided to Campos to pick up defendant. Perry got in the Cadillac and police listened to the conversation between Campos, Perry, and defendant via the electronic bug on Perry. Police arrested defendant when Perry opened the trunk of the Cadillac, a prearranged signal that marijuana was in the car. Police confiscated approximately fifteen pounds of marijuana from the trunk of the Cadillac.

Two police officers testified at trial that they interviewed defendant after his arrest and defendant admitted to the following: he knew Campos; Campos contacted him on behalf of someone who wanted fifteen pounds of marijuana; he agreed to broker the deal; he was supposed to meet Campos in Raleigh to pick up the money; he had gotten the marijuana from Burlington; he had a drug connection through his uncle and he obtained the seized marijuana through such connection; and he had sold drugs in the past. Defendant testified he was looking for a construction job when he arrived at the shopping center with Campos, denied any knowledge of the seized marijuana, and denied selling drugs in the past.

Defendant argues that the trial court erred in denying his motion to dismiss the charge of trafficking in marijuana by transportation. A defendant's motion to dismiss is properly denied when "there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Vick*, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995). In ruling on a defendant's motion to dismiss, the evidence is to be considered in the light most favorable to the State and the State is entitled to every reasonable inference that can be drawn from the evidence. *Powell*, 299 N.C. at 99, 261 S.E.2d at 117.

In the context of drug trafficking, transportation is "any real carrying about or movement from one place to another." *State v. Outlaw*, 96 N.C. App. 192, 197, 385 S.E.2d 165, 168 (1989) (citation and quotation marks omitted), *disc. review denied*, 326 N.C. 266, 389 S.E.2d 118-19 (1990). This element is satisfied when there is evidence that a defendant moved marijuana even a short distance. *See id.* (holding that there was sufficient evidence of transporting cocaine when the defendant carried cocaine from his home to his truck, got

into the truck, and began backing down his driveway when the police stopped him).

Defendant asserts the evidence was insufficient to support the finding that he transported marijuana. According to defendant, the State presented no direct evidence to show he personally moved marijuana to the shopping center because Campos was the driver and defendant lacked ownership or possessory interest in the Cadillac. We disagree. The State presented evidence that defendant arrived at the shopping center in the Cadillac driven by Campos, that Campos was assisting the police in the undercover drug purchase, and that defendant supplied the marijuana seized from the trunk of the Cadillac. It is important to note that defendant does not contest the trial court's finding that he had possession of marijuana at the time of his arrest. Under these circumstances, it would be illogical to conclude that defendant was guilty of trafficking in marijuana by possession but was not personally involved in transporting marijuana to the shopping center. Thus, the trial court did not err in denying defendant's motion to dismiss.

Because we find that there was sufficient evidence that defendant transported marijuana to the shopping center, we do not need to address defendant's argument that there was no evidence that he moved marijuana from its original location to the trunk of the Cadillac. Thus, defendant's reliance on *State v. Harrington,* 171 N.C. App. 17, 614 S.E.2d 337 (2005), has no merit.

Defendant raised three additional assignments of error in the record but has failed to include any corresponding arguments in his brief. Therefore, these assignments of error are deemed abandoned. *See* N.C.R. App. P. 28(b)(6) (2006); *State v. Elliott,* 360 N.C. 400, 427, 628 S.E.2d 735, 753, *cert. denied,* —— U.S. ——, 127 S. Ct. 505, 166 L. Ed. 2d 378 (2006).

No error.

Judges WYNN and GEER concur.